IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51043
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY HICKS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CR-118-ALL
- - - - - - - - - -

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Terry L. Hicks appeals the sentence imposed by the district court after he pleaded guilty to money laundering in violation of 18 U.S.C. § 1956. Hicks's motion for consideration of his reply brief in its present form is GRANTED.

Hicks argues that the sentence imposed by the district court was a result of his counsel's ineffectiveness. He argues that the case should be remanded so that the district court may

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider if he should be resentenced to a sentence below the guideline range.

"[A] defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence." United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992). "To be valid, a defendant's waiver of his right to appeal must be informed and voluntary." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). Because a review of the rearraignment hearing clearly indicates that Hicks knowingly and voluntarily executed such a waiver, we do not consider his sentencing claim. See id. at 292. Insofar as Hicks casts his challenge to his sentence in terms of ineffective assistance of counsel, we decline to address this claim at this time because the district court has not developed a record on Hicks's allegations. See United States v. Scott, 159 F.3d 916, 924 (5th Cir. 1998).

AFFIRMED.